GRANVILLE C. SPINNEY et al. *vs.* DANIEL COOK.

York. Opinion April 18, 1913.

*After Acquired Property. Chattels. Condition. Consideration. Foreclosure. Innocent Purchaser. Possession. Replevin.*

The T. E. Wilson Company gave personal mortgage to plaintiffs of certain horses to secure debt of $2250. In the mortgage was written this clause: "Also any and all other property which said T. E. Wilson Company shall hereafter purchase with money of said T. E. Wilson Company." After this mortgage was given, the T. E. Wilson Company purshased a horse called "Harry," giving a note in payment, and later paid the note. The mortgagees never had the actual possession of said horse, but the condition of the mortgage was broken. Jacob Drinkwater, treasurer and manager of T. E. Wilson Company, sold said horse to the defendant and delivered him into his possession. The bill of sale of said horse purports to be the personal contract of said Drinkwater.

*Held:*

1. That as between the plaintiffs as mortgagees and the defendant as stranger, they were not entitled to possession of said horse and hence cannot maintain this action of replevin.
2. That the mortgagees never having had possession of the horse and the record of the mortgage containing no information whatever to the defendant of the identity of this horse, the plaintiff's had no color of title to said horse.
3. That the defendant was an innocent purchaser for full value, and as an innocent purchaser for full value under the facts in this case, he is not chargeable for after acquired property.

On report. Judgment for defendant for $350, the amount deposited with the officer as security or payment for the horse and interest thereon from the date of deposit, August 14, 1906.

This is an action of replevin for one roan colt named "Harry." The plaintiff held a mortgage on certain horses, given by T. E. Wilson Company to secure a balance due on a note of the said company. In the mortgage was this clause: "Also any and all other property which said T. E. Wilson Company (incorporated) shall hereafter purchase with money of said T. E. Wilson Company." After this mortgage was given, the T. E. Wilson Company purchased a horse called "Harry," the same replevied in this suit. The said company gave for this horse its note, which was subsequently paid with its money. February 27, 1906, Jacob Drinkwater, the treasurer and manager of the T. E. Wilson Company, sold this horse to Daniel Cook, the defendant, and delivered him into his possession. The bill of sale evidencing the sale and transaction was a personal contract of Drinkwater and does not purport to be the contract of or authorized by the T. E. Wilson Company. It appears that the defendant deposited with the officer who served said replevin writ, three hundred and fifty dollars, and said horse remained in the defendant's possession pending the suit. Plea, general issue and brief statement. At the conclusion of the evidence, the case was reported to the Law Court for decision. Upon so much of the evidence as is legally admissible, the court is to enter such judgment as the legal rights of the parties require.

The case is stated in the opinion.

*E. L. Guptill, and Cleaves, Waterhouse & Emery,* for plaintiffs.

*Aaron B. Cole, and Geo. F. and Leroy Haley,* for defendant.

SITTING: WHITEHOUSE, C. S. SAVAGE, SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

SPEAR, J. The plaintiffs held a personal mortgage of the T. E. Wilson Company to secure a balance of $2,250, due upon a note of the company. The chattels enumerated as security were horses. In the mortgage was written this clause: "Also any and all other property which said T. E. Wilson Company (incorporated) shall hereafter purchase with money of said T. E. Wilson Company (incorporated)." After this mortgage was given, the T. E. Wilson Company purchased a horse, the subject of this controversy, called "Harry," giving a note in payment, and later paying the note, so that this horse was purchased "with the money of said T. E. Wilson Company." When the mortgage was given to the plaintiffs, the horse was not owned by the mortgagors, but was afterwards acquired. The mortgagees never had the horse in actual possession, but the condition of the mortgage had been broken, and the right of foreclosure had accrued at the time of the defendant's purchase.

On the 27th of February, 1906, Jacob Drinkwater, the treasurer and manager of the T. E. Wilson Company, sold this horse "Harry" to the defendant and delivered him into his possession. The bill of sale showing the transaction was the personal contract of Drinkwater, and does not purport in any way to be a contract of or authorized by the T. E. Wilson Company. Under this state of facts, the plaintiffs claim, as between themselves as mortgagees and the defendant as a stranger or trespasser, they were entitled to possession of the horse, and hence entitled to maintain a replevin suit if possession was denied. It is the opinion of the court that this contention cannot prevail.

This horse was not in the possession of the T. E. Wilson Company when the mortgage was executed. He was not alluded to or described in the mortgage. The record of the mortgage gave no information whatever to the defendant of the identity of this horse. The mortgagees never having had possession, had no color of title. They left the horse in the hands of Drinkwater, a director and officer of the mortgagor company. From anything that appeared, or could by reasonable diligence be ascertained, the horse was the

personal property of Drinkwater. The conduct of the mortgagees enabled him to so appear in his hands. Drinkwater, under these circumstances, sold the horse, as his own, and took the defendant's money. The defendant was an innocent purchaser for full consideration. We know no case involving after-acquired property under a mortgage, that goes so far as to hold that an innocent purchaser for value of such property, under the conditions here revealed, has been made chargeable for such property. *Burrill* v. *Whitcomb*, 100 Maine, 256, a most progressive case upon the doctrine of after-acquired property, does not warrant the maintenance of such an action.

Our conclusion is that the plaintiffs, under the admitted facts of the case, cannot maintain the present action against the defendant. In accordance with the stipulation of the report, the entry must be,

> *Judgment for defendant for $350.00, the amount deposited with the officer as security or payment for the horse, and interest thereon from date of deposit, August 14, 1906.*